{¶ 6} From this opinion reversing the two-year prison sentence and three years of community control sanctions imposed upon Robert Scales by Judge Lillian Greene, and remanding the case for resentencing, I dissent[1] because the majority, instead of ruling on the assignment of error, has taken on the role of County Prosecutor. Without authority, they punish Scales, although he prevailed on his assignment of error, by ordering another proceeding. Scales claims the failure to advise him of mandatory post-release control voids imposition of such controls. I agree and would remand only for a journal entry that accurately reflects what took place at the sentencing hearing.
 {¶ 7} From the record we glean the following: In March of 2001, Scales pleaded guilty to an amended count of Felonious Assault,[2] a second degree felony, and one count of failure to comply with police order or signal, a third degree felony.[3] He was sentenced to two years on count one and three years of community control on the second.
 {¶ 8} Although no mention of post-release control was made at either the plea or the sentencing hearing, the corresponding journal entry stated, "[p]ost release control is a part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."
 {¶ 9} After serving his prison term and, apparently entering into community control, Scales was informed that he would be placed on three years of post-release control. He then moved for leave to file a delayed appeal, which was granted, and now raises a single assignment of error set forth in the appendix to this opinion. The State did not file a cross-appeal.
 {¶ 10} Scales claims that because the judge failed to advise him that mandatory post-release control was part of his sentence, this provision of his sentence is void. I agree.
 {¶ 11} R.C. 2943.032 and R.C. 2929.19(B)(3) specifically require statements by a judge at the sentencing hearing that impose a definite sentence on a defendant at that time.[4]
Reference in a sentencing journal entry to any parts of the sentence not so articulated or extensions provided by law is insufficient to qualify as notification to an offender of post-release control.[5]
 {¶ 12} Further, and as was discussed at length in State v.Jones[6] under R.C. 2953.08, both the State and the defendant have the right to appeal a sentence. The State did not appeal the non-imposition of mandatory post-release control despite its clear right to do so, but instead responded by conceding the judge's failure to advise of mandatory post-release control.[7]
 {¶ 13} I quite agree that the failure to advise Scales that mandatory post-release control and of the sanctions imposed should he violate such controls, makes Scales' sentence contrary to law. However, all Scales requested from this court was to find merit in, or overrule, his assignment of error. We therefore agree that post-release controls should not have been imposed upon his release from prison, but we disagree over our remedy.
 {¶ 14} It is clear that the sentencing entry must be corrected, but by what authority does the majority reverse the sentence and remand for a new sentencing hearing? If the State noted the judge's failure to impose mandatory post-release control, it should have, and could have, appealed. The failure to do so, and Scales' subsequent appeal only after learning of this additional sentence, renders it void, and not worthy of remand
 {¶ 15} As we held in State v. Smiley,[8] an appellate court cannot use a defendant's appeal as a means to remand his case for the imposition of a greater sentence. The majority forgets in its lemming-like approach to "consistency," that Scales only asked that we find that placing him under post-release control was without legal authority, and he is correct. The sentencing journal entry should be corrected and the control(s) ended.
APPENDIX A:
 ASSIGNMENT OF ERROR
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO INFORM THEAPPELLANT AT EITHER THE PLEA OR SENTENCING HEARING THAT HE WASSUBJECT TO MANDATORY POST RELEASE CONTROL.
[1] "[Dissents are] appeals to the brooding spirit of the law, to the intelligence of another day." Charles Evans Hughes, Chief Justice of the United States 1930-1941.
[2] R.C. 2903.11.
[3] R.C. 2921.331.
[4] See Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103, paragraph two of the syllabus.
[5] See State v. Stell (May 16, 2002), Cuyahoga App. No. 79850; State v. Dunaway (Sept. 13, 2001), Cuyahoga App. No. 78007; State v. Finger (January 29, 2003), Cuyahoga App. No. 80691, 2003-Ohio-402.
[6] State v. Jones (May 24, 2001), Cuyahoga App. No. 77657.
[7] R.C. 2953.08(B).
[8] (July 11, 2002), Cuyahoga App. No. 79514, 2002-Ohio-3544.